UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GARRICK C. LEE,

    Plaintiff,

vs.

FORD MOTOR COMPANY,
*a Delaware corporation;*

    Defendant.

Case No.
Hon.

_____/

James C. Baker (P62668)
STERLING ATTORNEYS AT LAW, P.C.
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, Michigan 48304
(248) 644-1500
jbaker@sterlingattorneys.com

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Garrick C. Lee, by his attorney James C. Baker of Sterling Attorneys at Law, P.C., for his Complaint and Demand for Jury Trial, submits the following:

*Jurisdiction and Parties*

1. This is an action for employment discrimination, specifically age discrimination the Age Discrimination in Employment Act of 1967, 29 USC 621 *et seq*. ("ADEA"), and Michigan's Elliott Civil Rights Act, MCL 37.2101 *et seq.*, arising out of Plaintiff's employment relationship with Defendant.

2. Plaintiff Garrick C. Lee (hereafter "Plaintiff," "Lee" or "Plaintiff Lee") resides in Plymouth Michigan, which is within the Eastern District of Michigan.

3. Defendant Ford Motor Company (hereafter "Defendant," "Ford" or "Defendant Ford") is incorporated in the State of Delaware, and maintains its principal place of business and corporate headquarters in the Eastern District of Michigan.

4. This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 USC 1331 (federal question), 28 USC 1343 (civil rights) and 28 USC 1367 (supplemental jurisdiction).

5. Plaintiff exhausted his EEOC remedies, and files the instant action within 90 days of receiving his EEOC Notice of Closure and Right to Sue.

*Background Facts*

6. Plaintiff Lee was born on November 9, 1969.

7. Lee was an employee of Defendant Ford Motor Company for nearly thirty (30) years.

8. He would have turned 55 years old on November 9, 2024.

9. His employment ended on September 30, 2024.

10. Plaintiff's job was Stamping Area Manager.

11. At all times, Lee performed his job duties in a manner that was satisfactory or better.

2

12. Had Lee remained employed beyond his fifty-fifth (55th) birthday, his pension would have been worth an estimated $950,000.

13. Ford was aware of the value of pension and retirement benefits available to Plaintiff if he retired after the age of 55.

14. Ford, through its agents, knew Plaintiff's plan was to retire after his 55th birthday.

15. Ford's Assistant Plant Manager had inquired into Plaintiff's age, longevity of service, and his retirement plans contemporaneous with the events that Ford said led to his firing.

16. Plaintiff told Defendant's Assistant Plant Manager of his plans to retire after he turned 55 years old.

17. Ford was motivated by Plaintiff's age and the desire to save considerable money if Plaintiff's employment ended before his 55th birthday.

18. Acting on that motivation, and being predisposed to discriminate based on age, Defendant involuntarily ended Plaintiff Lee's employment on September 30, 2024.

19. Plaintiff was terminated based on pretext; there was an incident involving some miscommunication by and with Plaintiff.

20. The incident, if found to be a violation of Ford's policy, warranted at most written discipline, and not termination.

21. Plaintiff did not have written discipline in his performance record

3

such that the events Ford claims caused his termination would not rise to the level of a termination consistent with Ford's progressive discipline policy.

22. Ford acted contrary to its written and other policies regarding Plaintiff's employment.

23. On information and belief, Plaintiff Lee's position as Stamping Area Manager was filled by a much younger employee.

24. With his termination, and the circumstances therefrom, Plaintiff accepted a lump sum payout of his pension worth hundreds of thousands of dollars less than what a lump sum payout would be had he retired after age 55.

25. Plaintiff's future ability to work is unknown.

26. Defendant Ford's actions have left him in financial hardship.

**COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

27. Plaintiff incorporates by reference the above paragraphs as though set forth in full again here.

28. Plaintiff was qualified for his position.

29. Defendant discriminated against Plaintiff with respect to his terms, conditions, and privileges of employment due to its predisposition or intent to discriminate based on Plaintiff's age.

30. Age was one of the reasons that made a difference in Defendant's decision to terminate Plaintiff.

31. Defendant treated younger employees more favorably than Plaintiff.

32. Defendant replaced Plaintiff with a much younger employee.

33. There exists direct evidence of age discrimination in the form of Ford's Assistant Plant Manager inquiring of Plaintiff his age and his work longevity and retirement plans.

34. Defendant's alleged reasons for terminating Plaintiff were pretext for age discrimination.

35. There exists direct evidence that age was a factor in Ford's decision.

36. Defendants willfully violated Plaintiff's rights under the ADEA.

37. Defendants' discrimination denied Plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions, and privileges of his employment and his retirement.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injuries and is entitled to damages, including liquidated damages as allowed by statute.

### COUNT II – AGE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

39. Plaintiff incorporates by reference the above paragraphs as though set forth in full again here.

40. Plaintiff was qualified for his position.

41. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's age.

42. Defendant engaged in a pattern and practice of age discrimination.

43. Defendant terminated Plaintiff after nearly 30 years of loyal and excellent service.

44. On information and belief, Plaintiff's duties are now performed by a much younger person.

45. Defendant violated its policies, including policies outlining progressive discipline, in terminating Plaintiff for and in the manner it did.

46. Plaintiff's age was a factor that motivated Defendant's decision to fire him.

47. Defendant's alleged reason for terminating Plaintiff was a pretext for age discrimination.

48. Defendant's discrimination denied Plaintiff the opportunity for continued employment and adversely affected his compensation, terms, conditions, and privileges of employment and retirement in violation of the Elliott Larsen Civil Rights Act, MCL 37.2101, *et seq*.

49. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injuries and is entitled to damages.

WHEREFORE, Plaintiff Garrick C. Lee, by and through counsel, respectfully requests that this Honorable Court enter a Judgment in his favor against Defendant, Ford Motor Company, for the following damages:

A. compensation for loss of wages, fringe, and pension benefits;

B. compensation based on earning potential;

C. emotional distress and other non-economic damages;

D. consequential, compensatory, punitive, and liquidated damages;

E. statutory attorney fees.

## JURY DEMAND

Plaintiff Garrick C. Lee, by his attorney James C. Baker of Sterling Attorneys at Law, P.C., demands a trial by jury.

        Respectfully submitted,

        STERLING ATTORNEYS AT LAW, P.C.

        By: /s/James C. Baker
        James C. Baker (P62668)
        Attorney for Plaintiff
        33 Bloomfield Hills Pkwy., Ste. 250
        Bloomfield Hills, MI 48304
        (248) 644-1500
        jbaker@sterlingattorneys.com

Dated: September 5, 2025